IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANCISCO ORELLANO,        §
TDCJ NO. 789788,           §
                           §
            Plaintiff,     §
                           §        CIVIL ACTION NO. H-15-0259
v.                         §
                           §
MAJOR PITTMAN, et al.,     §
                           §
            Defendants.    §

## MEMORANDUM OPINION AND ORDER

State inmate Francisco Orellano (TDCJ No. 789788) has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), alleging deliberate indifference to his serious medical needs by Major Kristi Pittman, Mark Varner, and Officer Diana Ordoñez in violation of his constitutional right under the Eighth Amendment not be subjected to cruel and unusual punishment. (Docket Entry No. 1)  Orellano has also filed Plaintiff's More Definite Statement of his claims. (Docket Entry No. 11)  Defendant Varner has filed a Motion to Dismiss for Plaintiff's Failure to State a Claim against him pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss"). (Docket Entry No. 15)  Orellano has filed a Response to Defendant Varner's Answers and Objection to Plaintiff's Truthful Claim ("Response"). (Docket Entry No. 26)  After reviewing all of the pleadings and the applicable law, Varner's Motion to Dismiss will

be granted in part and denied in part for the reasons explained below.

## I.  <u>Background</u>

Orellano is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Stevenson Unit in Cuero, Texas.  The incident that forms the basis of his Complaint occurred at the Huntsville Unit, where Varner is employed by the TDCJ as a nurse practitioner.

On June 2, 2014, Orellano asked to see a medical provider about "knee problems."[1]  An appointment was made for June 5, and Orellano was provided with a "knee brace."[2]

On June 15, 2014, Orellano asked to see "the doctor about [his] foot."[3]  At that time the bottom of Orellano's right foot hurt so badly that he could not put any body weight on it.[4]  An appointment was made for June 17 or 18, but Varner refused to see Orellano, stating that Orellano was "no emergency" because his foot was "not bleeding."[5]

---

[1]Facts Attached to Support Complaint, Docket Entry No. 1-2, p. 1.

[2]<u>Id.</u>

[3]<u>Id.</u>

[4]Plaintiff's More Definite Statement, Docket Entry No. 11, p. 3.

[5]Facts Attached to Support Complaint, Docket Entry No. 1-2, p. 1.

On July 14, 2014, Orellano was moved to a top bunk.[6]  The next day Orellano wrote to the medical department to complain about the "unapproved move."[7]  On July 16 Orellano was trying to climb up to his top bunk when he lost his balance and fell.[8]  After an officer discovered Orellano on the floor of his cell, Orellano was taken to the medical department, where he was seen by Varner.[9]  Orellano claims that he injured his back, hand, and knee when he fell from the top bunk.[10]  Varner sent Orellano back to his cell without providing any treatment or reassigning him to a bottom bunk, stating that Orellano "did not need a bottom bunk assignment and that there was nothing wrong with [him] because [he] was not bleeding or purple."[11]

On July 18, 2014, Orellano was moved back to a bottom bunk after an officer discovered that Orellano had been "previously medically assigned" or restricted to a bottom bunk.[12]

On July 22, 2014, Orellano received medical treatment for the injuries he sustained when he fell from the top bunk on July 16,

---

[6] Id.

[7] Id.

[8] Id.

[9] Id. at 2.

[10] Id. at 3.

[11] Id. at 2.

[12] Id.

including a back brace and Ibuprofen for pain.[13]  On July 30, 2014, x-rays were taken of Orellano's hand, and he received a steroid injection on his right foot.[14]  On October 28, 2014, Orellano received a steroid injection for his back.[15]

Orellano contends that Varner violated the Eighth Amendment by failing to provide "appropriate medical assistance" before and after he fell from the top bunk.[16]  By not reassigning him to a bottom bunk after he fell on July 16, 2014, Orellano claims that Varner intentionally made Orellano suffer "unnecessary pain" by forcing him to climb to a top bunk after injuring his back, hand, and knee.[17]  Orellano therefore contends that Varner was deliberately indifferent to a serious medical need by not reassigning him to a bottom bunk.[18]  Orellano seeks $2 million in damages for his pain and suffering.[19]

Varner moves to dismiss the claims against him in his official and individual capacities.

---

[13]Plaintiff's More Definite Statement, Docket Entry No. 11, p. 5.

[14]Id.

[15]Id.

[16]Plaintiff's More Definite Statement, Docket Entry No. 11, p. 1.

[17]Facts Attached to Support Complaint, Docket Entry No. 1-2, p. 3.

[18]Id. at 2-3.

[19]Complaint, Docket Entry No. 1, p. 4.

## II.   Official Capacity Claims

Varner moves to dismiss the claim for monetary damages against him in his official capacity under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Specifically, Varner argues that claims for monetary damages against him in his official capacity as a state employee are barred by the Eleventh Amendment to the United States Constitution.

### A.   Standard of Review

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'"  Halmekangas v. State Farm Fire and Cas. Co., 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted).  "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim."  In re FEMA Trailer Formaldehyde Prods. Liability Litig., 668 F.3d 281, 286 (5th Cir. 2012) (quoting Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted)).

### B.   Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.  Federal

-5-

court jurisdiction is restricted by the Eleventh Amendment and the principle of sovereign immunity that it embodies. <u>See</u> <u>Seminole Tribe of Florida v. Florida</u>, 116 S. Ct. 1114, 1122 (1996); <u>see</u> <u>also</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 104 S. Ct. 900, 908-09 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court). Unless expressly waived, the Eleventh Amendment bars an action in federal court by, inter alia, a citizen of a state against his or her own state, including a state agency. <u>See</u> <u>Martinez v. Texas Dep't of Criminal Justice</u>, 300 F.3d 567, 574 (5th Cir. 2002).

As a state agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment. <u>See</u> <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998). The Eleventh Amendment bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacity. <u>See</u> <u>Oliver v. Scott</u>, 276 F.3d 736, 742 (5th Cir. 2002); <u>Aguilar v. Texas Dep't of Criminal Justice</u>, 160 F.3d 1052, 1054 (5th Cir. 1998). To the extent that Orellano seeks monetary damages in this case, the Eleventh Amendment bars his claims against Varner in his official capacity as a state employee. Accordingly, the court will grant Varner's motion to dismiss Orellano's request for monetary damages against Varner in his official capacity.

### III.  Individual Capacity Claims

Varner also moves to dismiss the claims against him in his individual or personal capacity under Fed. R. Civ. P. 12(b)(6). In

-6-

particular, Varner argues that Orellano has failed to state a claim against him in his individual capacity and that he is entitled to qualified immunity from suit because Orellano has not alleged facts establishing that Varner acted with the requisite deliberate indifference to a serious medical need in violation of the Eighth Amendment.

## A.    Standard of Review

Motions to dismiss under Rule 12(b)(6) are appropriate only where the plaintiff's complaint fails to state a claim upon which relief can be granted.   Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief.   Fed. R. Civ. P. 8(a).   As the Supreme Court has emphasized, Rule 8 does not require "heightened fact pleading of specifics," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1975 (2007), or "detailed factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).   However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 127 S. Ct. at 1965).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949

(quoting Twombly, 127 S. Ct. at 1965).  "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).  However, courts are not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or legal conclusions couched as factual assertions. Iqbal, 129 S. Ct. at 1949; see Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim") (citation omitted).

## B.   Qualified Immunity

Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity.  See Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986).  As a result, courts will not deny qualified immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate," Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011).  A plaintiff seeking to overcome qualified immunity must show:  "(1) that the official violated a statutory or constitutional right, and (2) that the

right was 'clearly established' at the time of the challenged conduct."  Id. at 2080 (citation omitted).

## C.  Eighth Amendment

Orellano alleges that Varner denied him adequate medical care on two occasions and refused to change his bunk assignment with deliberate indifference to a serious medical need in violation of the Eighth Amendment.  "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain."  Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted).  "Deliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk.  Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."  Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).  A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation and citation omitted).

Orellano alleges that Varner saw him in the medical department on June 17 or 18, 2014, but refused to provide treatment for an injury to his foot that was so painful he could not put any body weight on it.[20]  Orellano also alleges that Varner examined him after he fell from the top bunk on July 16, 2014, injuring his back, hand, and knee, but intentionally refused to provide treatment or change his bunk assignment.[21]  Orellano was eventually treated with a back brace and with Ibuprofen and steroid shots in his foot and back for pain.[22]

It is true that Orellano provides few details about the extent of the injuries he suffered on the occasions that he was refused treatment by Varner.  However, Orellano's pro se pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972).  Assuming that Orellano's allegations are true and viewing the facts in the light most favorable to plaintiff as required for purposes of

------

[20]Facts Attached to Support Complaint, Docket Entry No. 1-2, p. 1; Plaintiff's More Definite Statement, Docket Entry No. 11, p. 3.

[21]Facts Attached to Support Complaint, Docket Entry No. 1-2, p. 3.

[22]Plaintiff's More Definite Statement, Docket Entry No. 11, p. 5.

review under Rule 12(b)(6), Orellano asserts that Varner intentionally ignored or refused to treat his complaints of pain on June 17 or 18 and again on July 18, 2014. This is adequate at the pleadings stage of the lawsuit to state a potential violation of a clearly established right under the Eighth Amendment and to overcome Varner's assertion of qualified immunity. See Estelle v. Gamble, 97 S. Ct. 285, 291 (1976) (holding that deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment). Accordingly, the court will deny Varner's Motion to Dismiss the claims against him in his individual capacity.

## IV.  Conclusion

Defendant Varner's Motion to Dismiss for Plaintiff's Failure to State a Claim (Docket Entry No. 15) is **GRANTED** with respect to plaintiff's claims against him in his official capacity and is **DENIED** with respect to plaintiff's claims against him in his individual capacity.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of September, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-11-